## SIMS *v.* SIMS.

1. After a verdict has been received and the jury have dispersed, a juror will never be heard to say that he did not agree to the verdict.
2. There was evidence authorizing the verdict. The charges complained of were free from error; the newly discovered evidence was cumulative; and there was no error requiring the granting of a new trial.

Argued June 21, — Decided July 23, 1901.

Equitable petition. Before Judge Littlejohn. Sumter superior court. January 26, 1901.

The petition of T. B. Sims against S. R. Sims alleged, in substance: After a verdict had been obtained by S. R. Sims against the petitioner and G. R. Sims, for the possession of certain property in the city of Cordele, comprising the Cordele Ice Company's factory, of which the petitioner had been in possession and on which he had expended large sums of money, and after he had filed a motion for a new trial in the case in which that verdict was rendered, he and S. R. Sims entered into a new contract for the lease of the property, the terms of which are, in substance, that, in consideration of the amounts of money expended by petitioner in the improvement of the property and of the release of all claims he and G. R. Sims might have against S. R. Sims or any of the property of S. R. Sims, and of the payment by the petitioner of all taxes

due on the property in Cordele and of all incumbrances and accumulations of debt on it by reason of repairs, improvements, etc., petitioner was to have the free and uninterrupted use and possession of the property for a term of three years from March 23, 1899. Petitioner did not conduct the negotiations in person, but was represented by his father and by J. T. Hill, his counsel. After the contract had been agreed upon by petitioner and S. R. Sims, petitioner's attorney, Hill, asked S. R. Sims to write petitioner a letter embodying the terms of the contract, and S. R. Sims wrote such a letter and delivered it to Hill, who, with full authority and on behalf of petitioner accepted and assented to the terms of the contract as expressed in the letter, and asked that S. R. Sims have his attorney to put the contract in legal shape and forward it at once to petitioner for execution.    S. R. Sims then authorized petitioner's attorney, Hill, to tell the receiver in charge of the property to deliver possession of the property to petitioner, that he might begin to prepare it for operation; and this was done, and petitioner has since been in possession of it and has been operating it, has complied strictly with the terms of the contract, and has expended considerable money in getting the ice machinery in working order. S. R. Sims is endeavoring to repudiate the contract, and is threatening to eject petitioner from the premises.    If he is ejected he will be irreparably damaged.    He prays that the defendant be enjoined from interfering with his possession of the property.

The defendant by his answer denied that there was a contract as alleged.    He alleged that the proposition contained in the letter referred to was not accepted and was withdrawn, and that he did not authorize the plaintiff's attorney to procure possession of the property in question for the plaintiff; that such possession as was obtained by the plaintiff was surreptitious and unlawful, and he was an intruder.    The defendant admitted that it was his purpose to execute the judgment awarding him possession of the property. The trial resulted in a verdict in favor of the plaintiff.    The defendant made a motion for a new trial, to the overruling of which he excepted.

*Allen Fort, F. A. Hooper,* and *E. A. Hawkins,* for plaintiff in error.    *J. T. Hill* and *Guerry & Hall,* contra.

COBB, J.    We do not think it necessary to refer in detail to the

numerous grounds of the motion for a new trial. None of the assignments of error in the motion relate to questions which it would be profitable to discuss at length. The case at last turned upon the question whether the proposition made in the letter had been accepted. The plaintiff claimed that it had been accepted in his behalf by his attorney, who was duly authorized to act for him. The defendant denied this, and claimed that the offer had been withdrawn before it was accepted by the plaintiff. Upon this issue the parties went to the jury. There was evidence to sustain either view of the transaction, and the jury have seen fit to decide in favor of the plaintiff. After a careful examination of the motion for a new trial, we can not say that there was any error which required the granting of a new trial. An effort was made to show that two of the jurors had never agreed to the verdict as rendered. The evidence offered to establish this fact was contained in the affidavits of the two jurors, and of course the court properly refused to consider this evidence. See Civil Code, § 5338, and numerous cases cited thereunder.

*Judgment affirmed. All the Justices concurring.*